Jason de Bretteville (State Bar No. 195069)
jdebretteville@stradlinglaw.com
Stradling Yocca Carlson & Rauth LLP
600 Newport Center Drive, Suite 1600
Newport Beach, CA 92660
Telephone: (949) 725-4000
Facsimile: (949) 725-4100

Michael L. Krashin (*pro hac vice* forthcoming)
mkrashin@bannerwitcoff.com
Victoria R. M. Webb (*pro hac vice* forthcoming*)
vwebb@bannerwitcoff.com
Kimberly S. Devine (*pro hac vice* forthcoming)
kdevine@bannerwitcoff.com
Banner & Witcoff, Ltd.
71 Wacker Drive, Suite 3600
Chicago, IL 60606
Telephone: (312) 463-5000
Facsimile: (312) 463-5001

Attorneys for Plaintiff
YETI COOLERS, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YETI COOLERS, LLC,<br><br>            Plaintiff,<br><br>    v.<br><br>MacSports, Inc. and Tofasco of America, Inc.<br><br>            Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR PATENT INFRINGEMENT UNDER 35 U.S.C. § 271**<br><br>**AND DEMAND FOR JURY TRIAL** |

## COMPLAINT

Plaintiff YETI Coolers, LLC ("YETI") for its Complaint against MacSports, Inc. ("MacSports") and Tofasco of America, Inc. ("Tofasco") (MacSports and Tofasco, collectively, "Defendants"), alleges as follows:

### The Parties

1.     YETI is a limited liability company organized and existing under the laws of the State of Delaware with a principal place of business at 7601 Southwest Parkway, Austin, Texas 78735.

2.     On information and belief, MacSports is a corporation organized and existing under the laws of the State of California with a place of business at 2083 Puddingstone Drive, La Verne, California 91750.

3.     On information and belief, Tofasco is a corporation organized and existing under the laws of the State of California with a place of business at 1661 Fairplex Drive, La Verne, California 91750.

4.     On information and belief, MacSports and Tofasco are related corporate entities.

5.     On information and belief, MacSports and Tofasco have or have previously had the same labor and/or management.

6.     On information and belief, MacSports and Tofasco have places of business located adjacent to each other and/or within 1/10 of a mile of each other.

7.     On information and belief, MacSports and Tofasco share or have previously shared the same physical location and/or facilities.

8.     On information and belief, one or more employees of Tofasco are or previously were responsible for marketing and/or selling products for MacSports, including chairs.

9.     Tofasco is the named owner of multiple U.S. trademark applications and registrations for MAC SPORTS, including for chairs.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

**Jurisdiction and Venue**

10.     This is an action for patent infringement. This action arises under the Patent Act, 35 U.S.C. § 1 *et seq*.

11.     This Court has subject matter jurisdiction over this action pursuant to at least 28 U.S.C. §§ 1331 and 1338(a).

12.     This Court has personal jurisdiction over MacSports and Tofasco because, *inter alia*, MacSports and Tofasco are each a company organized and existing under the laws of the State of California. This Court also has personal jurisdiction over MacSports and Tofasco because, *inter alia*, each have a principal places of business in the State of California and in this District.  This Court also has personal jurisdiction over MacSports and Tofasco because, *inter alia*, they are purposefully and intentionally availing themselves of the privileges of doing business in the State of California, including in this District. For example, MacSports and Tofasco have made, used, offered to sell, sold, and/or imported, and continue to make, use, offer to sell, sell, and/or import infringing products to customers and/or potential customers, including in this District.

13.     Venue is proper in this District pursuant to at least 28 U.S.C. §§ 1391(a)-(d) and 28 U.S.C. § 1400(b).

**YETI's Intellectual Property**

14.     For years, YETI has continuously engaged in the design, development, manufacture, promotion, and sale of, among other things, its Trailhead® Camp Chair. YETI has invested substantial resources into the research, design, and development of its products, including its Trailhead® Camp Chair.

15.     YETI's research, design, and development have led to many innovative product designs and technologies, including designs and technologies at issue in this lawsuit.

16.     For example, YETI owns U.S. Patent No. 10,874,219 ("the '219 Patent"), U.S. Patent No. 11,389,003 ("the 003 Patent"), U.S. Design Patent No.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

D941,600 ("the '600 Patent"), U.S. Design Patent No. D955,132 ("the '132 Patent"), U.S. Design Patent No. D1,027,523 ("the '523 Patent"), and U.S. Design Patent No. D1,030,340 ("the '340 Patent").

17.    The '219 Patent is titled "Portable Chair." On December 29, 2020, the '219 Patent was duly and legally issued by the U.S. Patent Office to YETI. YETI owns the entire right, title, and interest to the '219 Patent. A copy of the '219 Patent is attached as Exhibit 1.

18.    The '003 Patent is titled "Portable Chair." On July 19, 2022, the '003 Patent was duly and legally issued by the U.S. Patent Office to YETI. YETI owns the entire right, title, and interest to the '003 Patent. A copy of the '003 Patent is attached as Exhibit 2.

19.    The '600 Patent is titled "Portable Chair." On January 25, 2022, the '600 Patent was duly and legally issued by the U.S. Patent Office to YETI. YETI owns the entire right, title, and interest to the '600 Patent. A copy of the '600 Patent is attached as Exhibit 3. Exemplary figures from the '600 Patent are shown in Illustration 1 below:



Illustration 1: Exemplary Figures from the '600 Patent

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

20.    The '132 Patent is titled "Portable Chair." On June 21, 2022, the '132 Patent was duly and legally issued by the U.S. Patent Office to YETI. YETI owns the entire right, title, and interest to the '132 Patent. A copy of the '132 Patent is attached as Exhibit 4. Exemplary figures from the '132 Patent are shown in Illustration 2 below:



Illustration 2: Exemplary Figures from the '132 Patent

///
///
///
///
///
///
///
///
///
///
///
///

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

21.    The '523 Patent is titled "Portable Chair." On May 21, 2024, the '523 Patent was duly and legally issued by the U.S. Patent Office to YETI. YETI owns the entire right, title, and interest to the '523 Patent. A copy of the '523 Patent is attached as Exhibit 5. Exemplary figures from the '523 Patent are shown in Illustration 3 below:



Illustration 3: Exemplary Figures from the '523 Patent

///
///
///
///
///
///
///
///
///
///
///
///

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

22.     The '340 Patent is titled "Portable Chair." On June 11, 2024, the '340 Patent was duly and legally issued by the U.S. Patent Office to YETI. YETI owns the entire right, title, and interest to the '340 Patent. A copy of the '340 Patent is attached as Exhibit 6. Exemplary figures from the '340 Patent are shown in Illustration 4 below:



Illustration 4: Exemplary Figures from the '340 Patent

**Defendants' Unlawful Activities**

23.     MacSports and Tofasco have made, used, offered to sell, sold, and/or imported, and continue to make, use, offer to sell, sell, and/or import, products that violate YETI's rights and products that have been made by a process that violates YETI's rights, including YETI's patent rights. MacSports' and Tofasco's actions have all been without the authorization of YETI.

24.     As discussed in more detail below, MacSports and Tofasco violated and are violating YETI's patent rights by making, using, offering to sell, selling, and/or importing into the United States products that infringe YETI's utility and design patents and products that have been made by a process that infringe YETI's utility patents. MacSports and Tofasco are not authorized to use YETI's patented technologies and patented designs. MacSports' and Tofasco's actions are unlawful,

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1    and they must stop. MacSports and Tofasco must also compensate YETI for their
2    violations of the law.

3        25.    MacSports' and Tofasco's infringing products include their Heavy
4    Duty Camp Chair.

5        26.    Exemplary images of Defendants' Heavy Duty Camp Chair are shown
6    below in Illustration 5.



Illustration 5: Exemplary Images of Defendants' Heavy Duty Camp Chair

27.    Defendants describe their Heavy Duty Camp Chair as, among other
things, having a "stretch-tight fabric" that "[p]rovides support and molds to your
body," as having a "[l]ocking mechanism" so the "[c]hair locks open for extra
stability," and as a chair that can "fold" and "take [] virtually everywhere."

28.    Exemplary images of Defendants' descriptions on their product listing and on the packaging that accompanies the infringing Heavy Duty Camp Chair are shown below in Illustration 6.

| Illustration 6: Exemplary Images of Defendants' Descriptions of their Heavy Duty Camp Chair |
|---|





**Stretch-tight Fabric**

Provides support and molds to your body



**Locking Mechanism**

Chair lock opens for extra stability

**Mac Sports Heavy Duty Camp Chair**

The Mac Sports Heavy-Duty Camp Chair is the throne you deserve after a long day of adventures. Using only the finest materials this will be your new go-to chair, great for camping, sporting events, concerts, or even just hanging in the backyard. The Heavy-Duty Camp Chair comes with an oversized backpack style carry bag which allows you to take it virtually everywhere leaving your hands free along the way. Once set up you will notice all the amazing features like its rigid aluminum frame, breathable stretch-tight fabric, 2 convenient cup holders, and the chair locks open for extra stability. It is perfect for any outdoor use where additional seating is required.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

29.    As an example, and as can be seen in Illustration 7 below, each of the vertical legs of Defendants' Heavy Duty Camp Chair include a leg locking system for locking an outer leg to an inner leg when the chair is in an unfolded position.



Illustration 7: Exemplary Images of Defendants' Heavy Duty Camp Chair Showing a Leg Locking System

30.    As another example, and as can be seen in Illustration 8 below, Defendants' Heavy Duty Camp Chair has a core placed into a hollow section created by an overlap of a suspension fabric, and the core in the hollow section is secured in a notch asymmetrically located in a top portion of a pair of diagonally extending backrest bars.

///
///
///
///
///
///
///
///
///

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

| Illustration 8: Exemplary Images of Defendants' Heavy Duty Camp Chair Showing a Core Secured in a Notch |
|---|
|  |

## Count I:

## Patent Infringement of U.S. Patent No. 10,874,219 Under 35 U.S.C. § 271

31.    YETI realleges and incorporates the allegations set forth in paragraphs 1 through 30 as though fully set forth herein.

32.    MacSports and Tofasco have infringed and continue to infringe the '219 Patent at least by using, selling, offering to sell, making, and/or importing into the United States their Heavy Duty Camp Chair, which includes each and every element of one or more claims of the '219 Patent, either literally or through the doctrine of equivalents, including at least claim 7. For example, claim 7 of the '219 Patent recites "[a] folding chair" comprising "a seat pan being formed by a pair of seat bars, the seat pan being tensioned by a pair of vertical legs; a backrest being formed by a pair of diagonally extending backrest bars; a front frame formed by a pair of cross bars; a rear frame formed by rear cross bars; and a pair of armrests; wherein the seat pan and the backrest are formed of a suspension fabric wherein the suspension fabric has an overlap and a core placed into a hollow section created by the overlap and wherein the core in the hollow section is secured in a notch asymmetrically located in a top portion of the pair of diagonally extending backrest

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

bars; wherein the vertical legs are each provided with an inner leg and an outer leg and the inner leg is configured to telescope out of the outer leg; and wherein each of the vertical legs include a leg locking system for locking the outer leg to the inner leg when the chair is in an unfolded position."

33.    MacSports' and Tofasco's Heavy Duty Camp Chair infringes at least claim 7 of the '219 Patent because it is folding chair that includes all of the claim elements of at least claim 7, either literally or through the doctrine of equivalents, including "a seat pan being formed by a pair of seat bars, the seat pan being tensioned by a pair of vertical legs," "a backrest being formed by a pair of diagonally extending backrest bars," "a front frame formed by a pair of cross bars," "a rear frame formed by rear cross bars," "a pair of armrests," "wherein the seat pan and the backrest are formed of a suspension fabric wherein the suspension fabric has an overlap and a core placed into a hollow section created by the overlap and wherein the core in the hollow section is secured in a notch asymmetrically located in a top portion of the pair of diagonally extending backrest bars," "wherein the vertical legs are each provided with an inner leg and an outer leg and the inner leg is configured to telescope out of the outer leg," and "wherein each of the vertical legs include a leg locking system for locking the outer leg to the inner leg when the chair is in an unfolded position."

34.    For example, MacSports' and Tofasco's Heavy Duty Camp Chair is a folding chair that has a seat pan being formed by a pair of seat bars, with the seat pan being tensioned by a pair of vertical legs. The Heavy Duty Camp Chair also has a backrest being formed by a pair of diagonally extending backrest bars, a front frame formed by a pair of cross bars, a rear frame formed by rear cross bars, and a pair of armrests. The seat pan and the backrest of Defendants' Heavy Duty Camp Chair are formed of a suspension fabric, the suspension fabric has an overlap and a core placed into a hollow section created by the overlap, and the core in the hollow section is secured in a notch asymmetrically located in a top portion of the pair of

diagonally extending backrest bars. The vertical legs of Defendants' Heavy Duty Camp Chair are each provided with an inner leg and an outer leg and the inner leg is configured to telescope out of the outer leg, and each of the vertical legs include a leg locking system for locking the outer leg to the inner leg when the chair is in an unfolded position.

35.     Defendants' acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

36.     YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, and 285.

37.     Defendants also have caused, are causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

## Count II:

## Patent Infringement of U.S. Patent No. 11,389,003 Under 35 U.S.C. § 271

38.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 37 as though fully set forth herein.

39.     MacSports and Tofasco have infringed and continue to infringe the '003 Patent at least by using, selling, offering to sell, making, and/or importing into the United States their Heavy Duty Camp Chair, which includes each and every element of one or more claims of the '003 Patent, either literally or through the doctrine of equivalents, including at least claim 20, and which is made by a process that includes each and every element of one or more claims of the '003 Patent, either literally or through the doctrine of equivalents, including at least claim 11.

40.     For example, claim 20 of the '003  Patent recites "[a] folding chair" comprising "a front frame; a rear frame; a seat pan; a backrest; a pair of arm rests; a pair of vertical legs; and a rear tensioner; wherein the vertical legs are each provided

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

with an inner leg and an outer leg and the inner leg is configured to telescope out of the outer leg, wherein each of the vertical legs include a leg locking system for locking the outer leg to the inner leg when the chair is in an unfolded position, wherein the rear tensioner is configured to maintain the backrest in a tensioned position, the tensioner comprising a rear tensioner handle, and a pair of rear tensioner arms."

41.    MacSports' and Tofasco's Heavy Duty Camp Chair infringes at least claim 20 of the '003 Patent because it is folding chair that includes all of the claim elements of at least claim 20, either literally or through the doctrine of equivalents, including "a front frame," "a rear frame," "a seat pan," "a backrest," "a pair of arm rests," "a pair of vertical legs," and "a rear tensioner," "wherein the vertical legs are each provided with an inner leg and an outer leg and the inner leg is configured to telescope out of the outer leg," "wherein each of the vertical legs include a leg locking system for locking the outer leg to the inner leg when the chair is in an unfolded position," and "wherein the rear tensioner is configured to maintain the backrest in a tensioned position, the tensioner comprising a rear tensioner handle, and a pair of rear tensioner arms."

42.    For example, MacSports' and Tofasco's Heavy Duty Camp Chair is a folding chair that has a front frame, a rear frame, a seat pan, a backrest, a pair of arm rests, a pair of vertical legs, and a rear tensioner. Additionally, the vertical legs of the Heavy Duty Camp Chair are each provided with an inner leg and an outer leg and the inner leg is configured to telescope out of the outer leg. Each of the vertical legs also include a leg locking system for locking the outer leg to the inner leg when the chair is in an unfolded position. Additionally, the rear tensioner of the Heavy Duty Camp Chair is configured to maintain the backrest in a tensioned position and includes a rear tensioner handle and a pair of rear tensioner arms.

43.    As another example, claim 11 of the '003 Patent recites "[a] method of forming a folding chair" comprising "forming a seat pan comprising a pair of seat

13

bars, a pair of vertical legs configured to tension the seat pan, a locking system, a backrest comprising a pair of diagonally extending backrest bars, a front frame comprising a pair of cross bars, a rear frame comprising rear cross bars, and a pair of armrests; wherein the seat pan and the backrest are formed of a suspension fabric having an overlap and a core placed into a hollow section created by the overlap, wherein the core in the hollow section is secured in a notch asymmetrically located in a top portion of the pair of diagonally extending backrest bars, wherein the vertical legs further comprise an inner leg and an outer leg, wherein the inner leg is configured to telescope out of the outer leg, and wherein each of the vertical legs include the leg locking system configured to lock the outer leg to the inner leg when the chair is in an unfolded position."

44.   MacSports and Tofasco also infringe at least claim 11 of the '003 Patent. Defendants' Heavy Duty Camp Chair is a folding chair that includes all of the claim elements of at least claim 11, either literally or through the doctrine of equivalents, including "a seat pan comprising a pair of seat bars," "a pair of vertical legs configured to tension the seat pan," "a locking system," "a backrest comprising a pair of diagonally extending backrest bars," "a front frame comprising a pair of cross bars," "a rear frame comprising rear cross bars," and "a pair of armrests," "wherein the seat pan and the backrest are formed of a suspension fabric having an overlap and a core placed into a hollow section created by the overlap," "wherein the core in the hollow section is secured in a notch asymmetrically located in a top portion of the pair of diagonally extending backrest bars," "wherein the vertical legs further comprise an inner leg and an outer leg," "wherein the inner leg is configured to telescope out of the outer leg," and "wherein each of the vertical legs include the leg locking system configured to lock the outer leg to the inner leg when the chair is in an unfolded position" and, on information and belief, Defendants' Heavy Duty Camp Chair is made by a "method … comprising:" "forming a seat pan comprising a pair of seat bars, a pair of vertical legs configured to tension the seat pan, a locking

system, a backrest comprising a pair of diagonally extending backrest bars, a front frame comprising a pair of cross bars, a rear frame comprising rear cross bars, and a pair of armrests; wherein the seat pan and the backrest are formed of a suspension fabric having an overlap and a core placed into a hollow section created by the overlap, wherein the core in the hollow section is secured in a notch asymmetrically located in a top portion of the pair of diagonally extending backrest bars, wherein the vertical legs further comprise an inner leg and an outer leg, wherein the inner leg is configured to telescope out of the outer leg, and wherein each of the vertical legs include the leg locking system configured to lock the outer leg to the inner leg when the chair is in an unfolded position."

45.     For example, MacSports' and Tofasco's Heavy Duty Camp Chair is a folding chair that has a seat pan comprising a pair of seat bars, a pair of vertical legs configured to tension the seat pan, a locking system, a backrest comprising a pair of diagonally extending backrest bars, a front frame comprising a pair of cross bars, a rear frame comprising rear cross bars, and a pair of armrests. Moreover, the seat pan and the backrest of Defendants' Heavy Duty Camp Chair are formed of a suspension fabric having an overlap and a core placed into a hollow section created by the overlap. Additionally, the core in the hollow section is secured in a notch asymmetrically located in a top portion of the pair of diagonally extending backrest bars. The vertical legs of Defendants' Heavy Duty Camp Chair also have an inner leg and an outer leg, wherein the inner leg is configured to telescope out of the outer leg, and wherein each of the vertical legs include the leg locking system configured to lock the outer leg to the inner leg when the chair is in an unfolded position.

46.     MacSports' and Tofasco's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

47.     YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, and 285.

48.     Defendants also have caused, are causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

## Count III:

### Patent Infringement of U.S. Patent No. D941,600 Under 35 U.S.C. § 271

49.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 48 as though fully set forth herein.

50.     MacSports and Tofasco have infringed and continue to infringe the '600 Patent at least by using, selling, offering to sell, making, and/or importing into the United States their Heavy Duty Camp Chair, which is covered by the claim of the '600 Patent.

51.     MacSports' and Tofasco's Heavy Duty Camp Chair infringes the '600 Patent because the overall appearance of their Heavy Duty Camp Chair is substantially the same as the overall appearance of the design of the '600 Patent, and an ordinary observer would perceive the overall appearance of their Heavy Duty Camp Chair to be substantially the same as the overall appearance of the design of the '600 Patent.

52.     MacSports' and Tofasco's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

53.     YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

54.    Defendants also have caused, are causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count IV:**

**Patent Infringement of U.S. Patent No. D955,132 Under 35 U.S.C. § 271**

55.    YETI realleges and incorporates the allegations set forth in paragraphs 1 through 54 as though fully set forth herein.

56.    MacSports and Tofasco have infringed and continue to infringe the '132 Patent at least by using, selling, offering to sell, making, and/or importing into the United States their Heavy Duty Camp Chair, which is covered by the claim of the '132 Patent.

57.    MacSports' and Tofasco's Heavy Duty Camp Chair infringes the '132 Patent because the overall appearance of their Heavy Duty Camp Chair is substantially the same as the overall appearance of the design of the '132 Patent, and an ordinary observer would perceive the overall appearance of their Heavy Duty Camp Chair to be substantially the same as the overall appearance of the design of the '132 Patent.

58.    MacSports' and Tofasco's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

59.    YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

60.    Defendants also have caused, are causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count V:**

**Patent Infringement of U.S. Patent No. D1,027,523 Under 35 U.S.C. § 271**

61.　YETI realleges and incorporates the allegations set forth in paragraphs 1 through 60 as though fully set forth herein.

62.　MacSports and Tofasco have infringed and continue to infringe the '523 Patent at least by using, selling, offering to sell, making, and/or importing into the United States their Heavy Duty Camp Chair, which is covered by the claim of the '523 Patent.

63.　MacSports' and Tofasco's Heavy Duty Camp Chair infringes the '523 Patent because the overall appearance of their Heavy Duty Camp Chair is substantially the same as the overall appearance of the design of the '523 Patent, and an ordinary observer would perceive the overall appearance of their Heavy Duty Camp Chair to be substantially the same as the overall appearance of the design of the '523 Patent.

64.　MacSports' and Tofasco's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

65.　YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

66.　Defendants also have caused, are causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count VI:**

**Patent Infringement of U.S. Patent No. D1,030,340 Under 35 U.S.C. § 271**

67.　YETI realleges and incorporates the allegations set forth in paragraphs 1 through 66 as though fully set forth herein.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

68.    MacSports and Tofasco have infringed and continue to infringe the '340 Patent at least by using, selling, offering to sell, making, and/or importing into the United States their Heavy Duty Camp Chair, which is covered by the claim of the '340 Patent.

69.    MacSports' and Tofasco's Heavy Duty Camp Chair infringes the '340 Patent because the overall appearance of their Heavy Duty Camp Chair is substantially the same as the overall appearance of the design of the '340 Patent, and an ordinary observer would perceive the overall appearance of their Heavy Duty Camp Chair to be substantially the same as the overall appearance of the design of the '340 Patent.

70.    MacSports' and Tofasco's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

71.    YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

72.    Defendants also have caused, are causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

## **Demand for Jury Trial**

YETI hereby demands a jury trial on all issues so triable.

## **Prayer for Relief**

WHEREFORE, Plaintiff YETI respectfully prays for:

1.    Judgment that Defendants have (i) infringed the '219 Patent in violation of § 271 of Title 35 of the United States Code; (ii) infringed the '003 Patent in violation of § 271 of Title 35 of the United States Code; (iii) infringed the '600 Patent in violation of § 271 of Title 35 of the United States Code; (iv) infringed the '132 Patent in violation of § 271 of Title 35 of the United States Code; (v)

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

infringed the '523 Patent in violation of § 271 of Title 35 of the United States Code; and (vi) infringed the '340 Patent in violation of § 271 of Title 35 of the United States Code;

2.      An injunction against further infringement of YETI's patents by Defendants, and each of their agents, employees, servants, attorneys, successors and assigns, and all others in privity or acting in concert with any of them, pursuant to at least 35 U.S.C. § 283;

3.      An Order directing Defendants to recall all infringing products sold and/or distributed and provide a full refund for all recalled infringing products;

4.      An award of damages adequate to compensate YETI for Defendants' patent infringements pursuant at least to 35 U.S.C. § 284, and an award for Defendants' profits from its patent infringements pursuant at least to 35 U.S.C. § 289, together with prejudgment interest and costs and reasonable attorney fees, pursuant at least to 35 U.S.C. §§ 284 and 285; and

5.      Such other and further relief as this Court deems just and proper.


DATED: August 9, 2024        By:  */s/ Jason de Bretteville*
                             STRADLING YOCCA CARLSON & RAUTH LLP
                             Jason De Bretteville

                             BANNER & WITCOFF, LTD.
                             Michael L. Krashin (*pro hac vice* forthcoming)
                             Victoria R. M. Webb (*pro hac vice* forthcoming)
                             Kimberly S. Devine (*pro hac vice* forthcoming)

                             ***Attorneys for Plaintiff***
                             ***YETI COOLERS, LLC***

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

# <u>JURY DEMAND</u>

Plaintiff YETI COOLERS, LLC  hereby demands a trial by a jury on all issues herein so triable.


DATED: August 9, 2024

By:   /s/ Jason de Bretteville
STRADLING YOCCA CARLSON & RAUTH LLP
Jason De Bretteville

BANNER & WITCOFF, LTD.
Michael L. Krashin (*pro hac vice* forthcoming)
Victoria R. M. Webb (*pro hac vice* forthcoming)
Kimberly S. Devine (*pro hac vice* forthcoming)


*Attorneys for Plaintiff*
*YETI COOLERS, LLC*

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF