UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

YETI Coolers, LLC,

          Plaintiff,

      v.

MacSports, Inc. and Tofasco of America, Inc.

          Defendants.

Case No. 2:24-cv-06783-MEMF-RAO

DISCOVERY MATTER - STIPULATED PROTECTIVE ORDER[1]

1.    <u>A. PURPOSES AND LIMITATIONS</u>

      Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends

---

[1] This Stipulated Protective Order is substantially based on the model protective order provided under Magistrate Judge Rozella A. Oliver's Procedures.

only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

### B. GOOD CAUSE STATEMENT

In light of the nature of the claims and allegations in this case and the parties' representations that discovery in this case will involve the production of confidential information, and in order to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in connection with this action, to address their handling of such material at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

### C. ACKNOWLEDGMENT OF PROCEDURE FOR FILING UNDER SEAL

The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006); *Phillips v. Gen. Motors*

*Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002); *Makar-Welbon v. Sony Electrics, Inc.*, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing), and a specific showing of good cause or compelling reasons with proper evidentiary support and legal justification, must be made with respect to Protected Material that a party seeks to file under seal. The parties' mere designation of Disclosure or Discovery Material as CONFIDENTIAL does not— without the submission of competent evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable—constitute good cause.

Further, if a party requests sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

2.    DEFINITIONS

    2.1    Action: this pending federal lawsuit.

    2.2    Challenging Party:  a Party or Non-Party that challenges the

1    designation of information or items under this Order.

2        2.3    "CONFIDENTIAL" Information or Items:  information (regardless of

3    how it is generated, stored or maintained) or tangible things that qualify for

4    protection under Federal Rule of Civil Procedure 26(c), and as specified above in

5    the Good Cause Statement, including, but not limited to, information which the

6    Designating Party believes in good faith constitutes, contains, embodies, or reflects

7    trade secrets or other non-public and confidential technical, commercial, financial,

8    or business information, or other valuable information covered by a legitimate

9    privacy right or interest.

10        2.4    "CONFIDENTIAL ATTORNEYS EYES ONLY" Information or

11    Items:  information (regardless of how it is generated, stored or maintained) or

12    tangible things that qualify for protection under Federal Rule of Civil Procedure

13    26(c), and as specified above in the Good Cause Statement, including information

14    which the Designating Party believes in good faith constitutes, contains, embodies,

15    or reflects especially sensitive information, or where there is a significant risk of

16    competitive disadvantage or harm if disclosed to another party without restriction

17    upon use or further disclosure, or that affords the designating party an actual or

18    potential economic advantage over others, and which may include, but is not limited

19    to, product sales, product volume, pricing, revenue, profit, costs, margins, customer

20    lists, currently implemented or not yet implemented marketing plans and analyses,

21    research and development information and plans or strategies for new products or

22    products not yet released to the marketplace, and trade secrets.

23        "CONFIDENTIAL" and "CONFIDENTIAL ATTORNEYS EYES ONLY"

24    information or items shall not include any information, document, or thing which:

25            (i)    at the time of the disclosure hereunder is available to the public;

26                or

27            (ii)    after disclosure hereunder becomes available to the public

28                through no act, or failure to act, by the Receiving Party; or

4

(iii)   the Receiving Party can show: (a) was already known to the Receiving Party; (b) was independently developed by the Receiving Party; or (c) was received by the Receiving Party, after the time of disclosure hereunder, from a non-party having the right to make such a disclosure.

2.5   Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

2.6   Designating Party: a Party or Non-Party that designates information, documents, or items that it produces or otherwise discloses as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS EYES ONLY."

2.7   Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.8   Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.9   House Counsel: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10   Non-Party: any natural person, partnership, corporation, association or other legal entity not named as a Party to this action.

2.11   Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party, as well as their law firms, partners, shareholders, and associates who are working on this action on behalf of any party, and including the paralegals, assistants, and stenographic and clerical employees working under the direct supervision of such attorneys.

2.12   <u>Party</u>:  any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13   <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14   <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15   <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS EYES ONLY."

2.16   <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    <u>SCOPE</u>

The protections conferred by this Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

4.    <u>DURATION</u>

This Protective Order shall survive final disposition of this Action, and final disposition of this Action shall not relieve any person from the obligations of this Protective Order. The Court shall retain jurisdiction to enforce the provisions

6

thereof, to the extent information or material so designated remains "Confidential" or "Confidential Attorneys Eyes Only." Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; or (2) final adjudication of this case including appeals.

5.    <u>DESIGNATING PROTECTED MATERIAL</u>

    5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items or oral or written communications that qualify so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

    Mass, indiscriminate or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

    If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

    5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (*see*, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

    Designation in conformity with this Order requires:

(a)  for information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS EYES ONLY", or "CONF" or "AEO" for electronic file names (hereinafter "CONFIDENTIAL legend"), to each electronic document (e.g., including "CONF" or "AEO" in the electronic file name), and, where practicable, to each page that contains protected material.  If only certain pages or a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected pages and/or portion(s) (*e.g.*, by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL ATTORNEYS EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material.  If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b)  for testimony given in depositions, that the Designating Party identifies the Disclosure or Discovery Material either (a) on the record during the deposition, or (b) by written notice to all counsel of record within fourteen days after the party wishing to make the designation receives the final transcript. Pending the expiration of said fourteen days, all parties and persons shall presumptively treat the deposition transcript as "CONFIDENTIAL ATTORNEYS EYES ONLY"

information. If no portions of the transcript are designated as "CONFIDENTIAL" or

"CONFIDENTIAL ATTORNEYS EYES ONLY" information by any party to this

action or by the deponent during said deposition or within said fourteen days, the

transcript shall be considered not to contain any "CONFIDENTIAL" or

"CONFIDENTIAL ATTORNEYS EYES ONLY" information. Counsel for each

party to this action shall be responsible for marking any designated portions of

copies of the transcript in their possession with a confidentiality legend if written

notice is provided within said fourteen days. With regard to testimony designated

during a deposition as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS

EYES ONLY" under this Protective Order, the designating party shall have the right

to exclude from the designated portion of the deposition, prior to the taking of the

designated testimony, all persons except: the deponent and its outside counsel,

outside counsel of record for named parties, the court reporter, and such other

persons who are bound by this Protective Order and are authorized to have access to

such information.  For avoidance of doubt, a party can attend any deposition in this

case, but will be required to leave any portion of the deposition implicating

"CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS EYES ONLY"

testimony.

(c)  for information produced in some form other than documentary and

for any other tangible items, that the Producing Party affix in a prominent place on

the exterior of the container or containers in which the information is stored the

"CONFIDENTIAL legend."  If only a portion or portions of the information

warrants protection, the Producing Party, to the extent practicable, shall identify the

protected portion(s).

5.3    Failures to Designate.

The disclosure or production by a Party or Non-Party of information,

documents, or things that it believes should have been designated as

"CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS EYES ONLY,"

regardless of whether the information, documents, or things were so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of the Party's or Non-Party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. If a Party or Non-Party produces or provides discovery of any "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS EYES ONLY" information without designating it as such, the Party or Non-Party may give written notice to the Receiving Party or parties that the information or material is "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS EYES ONLY" and should be treated in accordance with the provisions of this Protective Order. The Receiving Party or parties must treat such information or material as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS EYES ONLY" as notified from the date such notice is received. Disclosure of such information or material, prior to receipt of such notice, to persons not authorized to receive "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS EYES ONLY" shall not be deemed a violation of this Protective Order; however, those persons to whom disclosure was made are to be advised that the material disclosed is "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS EYES ONLY" and must be treated in accordance with this Protective Order.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

     6.1    Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

     6.2    Meet and Confer.  The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

     6.3    The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other

parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.     ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, information, documents, and things designated "CONFIDENTIAL" shall not be provided, shown, made available, or communicated in any way to any person or entity with the exception of:

(a) Outside Counsel of Record (as defined in this Order);

(b) up to five individuals of the Receiving Party who are officers, directors, or employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who, prior to any disclosure of information, documents, and things designated "CONFIDENTIAL," have been informed in writing of the requirements of the Stipulated Protective Order and been

1    provided a copy of the Stipulated Protective Order;

2    (c)  Experts (as defined in this Order), as well as employees and assistants

3    working under the control of such Experts, to whom disclosure is reasonably

4    necessary for this Action and who have signed the "Acknowledgment and

5    Agreement to Be Bound" (Exhibit A) and "Undertaking" (Exhibit B). No

6    information, documents, or things designated as "CONFIDENTIAL" or

7    "CONFIDENTIAL ATTORNEYS EYES ONLY" shall be disclosed to any Experts

8    pursuant to this Section, however, until at least seven days have lapsed following

9    written notice via email to the Designating Party of the first expected disclosure of

10   designated information to the proposed Experts. A fully executed copy of Exhibits

11   A and B completed by the proposed Expert and a current and complete curriculum

12   vitae shall be included with said written notice. If the Designating Party makes a

13   written objection to the proposed Expert within the seven-day period, no disclosure

14   of the Designating Party's Protected Material may be made to the proposed Expert

15   until the objection has been resolved. If the parties cannot resolve the issue, the

16   party seeking disclosure may seek an appropriate order from the Court compelling

17   disclosure of the Protected Material to the proposed Expert;

18   (d)  the court and its personnel;

19   (e)  court reporters and their staff performing services in connection with

20   this action;

21   (f)  outside vendors who perform litigation services including, but not

22   limited to, professional jury or trial consultants, mock jurors, and Professional

23   Vendors to whom disclosure is reasonably necessary for this Action, but only for so

24   long as necessary to perform those services;

25   (g)  any person identified as an author, addressee, or recipient of a

26   document containing the information who is not otherwise shown prior to such

27   disclosure not to have received the document, or any person who participated in any

28   meeting or communication to which the document or thing pertains or who admits

to or has been identified by the Designating Party as being a custodian or as having been provided with the document or thing or with the information therein;

(h)  any person who is a director, officer, or employee of the Designating Party, or who has been identified by the Designating Party as a Fed. R. Civ. P. 30(b)(6) witness for subject matter that pertains to said document or thing;

(i)  any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.3    <u>Disclosure of "CONFIDENTIAL ATTORNEYS EYES ONLY" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, information, documents, and things designated "CONFIDENTIAL <u>ATTORNEYS EYES ONLY</u>" shall not be provided, shown, made available, or communicated in any way to any person or entity with the exception of those persons or entities referred to above in Section 7.2(a) or 7.2(c)-(i).

7.4    In the event that any "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS EYES ONLY" information is used in any court proceeding or deposition in connection with this Action, it shall not lose its status as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS EYES ONLY" information through such use, provided that the parties to this action take steps reasonably calculated to protect its confidentiality during such use.

7.5    Nothing in this Protective Order shall bar or otherwise restrict any attorney from rendering advice with respect to this action and, in the course thereof, from generally referring to or relying upon the attorney's examination or receipt of "Confidential" or "Confidential Attorneys Eyes Only" information. In rendering such advice or in otherwise communicating, the attorney shall not disclose the specific content of any information, document, or thing identified as "Confidential" or "Confidential Attorneys Eyes Only" by a designating party where such disclosure would not otherwise be permitted under the terms of this Protective Order.

8.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS EYES ONLY," that Party must:

(a)  promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9.    <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a)  The terms of this Order are applicable to information produced by a

14

Non-Party in this Action and designated as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the Non-Party's information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.    <u>PRODUCTION MATERIALS PROTECTED FROM DISCLOSURE</u>

A. The production or disclosure of privileged or work-product protected documents, electronically stored information, tangible things, or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502.

B. Nothing contained herein is intended to or shall serve to limit a Party's or Non-Party's right to conduct a review of documents, ESI, or information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.

C. If a Receiving Party discovers that discovery may have been inadvertently or otherwise produced that it believes is subject to a claim of an applicable privilege or subject to the work product doctrine, it shall notify the Producing Party in writing as soon as reasonably practicable after learning of the disclosure. If a Party or Non-Party inadvertently or otherwise produces or provides discovery that it believes is subject to a claim of an applicable privilege or subject to the work product doctrine, the Producing Party may give written notice to the Receiving Party or parties that the information or material is subject to a claim of privilege and request that the information or material be returned to the Producing Party. If a Party or Non-Party

requests the return, pursuant to this Section, of any discovery, the Receiving Party or parties shall not use or disclose, and shall immediately return to the Producing Party, all copies of such information or material or confirm that all copies of such information or material have been destroyed.

12.    MISCELLANEOUS

12.1    Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2    Right to Assert Other Objections.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order. Similarly, the designation of information, documents, or things as "Confidential Information" or "Confidential Attorneys Eyes Only Information" pursuant to this Protective Order shall not be construed as a concession that such information is relevant or material to any issues or is otherwise discoverable or admissible. Nor shall the inspection or receipt by a party to this action of information, documents, or things designated as "Confidential Information" or "Confidential Attorneys Eyes Only Information" hereunder constitute a concession that the information, documents, or things are confidential.

12.3    Filing Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

12.4    Notice. All notices required by this Protective Order are to be served by

17

email on all counsel of record. The date by which a party to this action receiving a notice shall respond, or otherwise take action, shall be computed from the date the email was sent. Any of the notice requirements herein may be waived in whole or in part, but only in writing signed by an attorney for the designating party.

13.    <u>FINAL DISPOSITION</u>

Within sixty (60) days after the final disposition of this Action, as defined in paragraph 4,  each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty (60) day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Outside Counsel of Record are entitled to retain an archival copy of all pleadings, motion papers, and other court filings, discovery responses, documents provided pursuant to the Court's scheduling orders, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material, provided that all such documents will be held for their internal use only.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION). A Party which has disclosed "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS EYES ONLY" information to those persons or entities identified in Section 7.2 is responsible for

either (a) obtaining all documents or things containing "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS EYES ONLY," including all copies, summaries, excerpts, charts, or notes thereof, from those persons or entities, and for disposing of those documents or things in a manner provided for in this Section; or (b) obtaining written confirmation from those persons or entities that all such information and material has been destroyed.

14.   <u>VIOLATION</u>

Any violation of this Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED  <u>1/16/2025</u>

<u>/s/ Kimberly S. Devine</u>
BANNER & WITCOFF, LTD.
Michael L. Krashin (*pro hac vice*)
Victoria R. M. Webb (*pro hac vice*)
Kimberly S. Devine (*pro hac vice*)

STRADLING YOCCA CARLSON & RAUTH LLP
Jason De Bretteville

Attorneys for Plaintiff YETI COOLERS, LLC

DATED:  <u>1/16/2025</u>

<u>/s/ Sarah Van Buiten</u>
RUTAN & TUCKER, LLP
Ronald P. Oines
Sarah Van Buiten
Attorneys for Defendant MacSports, Inc.

DATED:  1/16/2025

/s/ Sarah Van Buiten
RUTAN & TUCKER, LLP
Ronald P. Oines
Sarah Van Buiten
Attorneys for Defendant Tofasco of America, Inc.

## CERTIFICATION OF ELECTRONIC SIGNATURE

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I hereby certify that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: January 16, 2024                    By: /s/ Kimberly S. Devine
                                                Kimberly S. Devine

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: January 17, 2025

                    /s/
_____
HON. ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury

that I have read in its entirety and understand the Stipulated Protective Order that

was issued by the United States District Court for the Central District of California

on [date] in the case of YETI Coolers, LLC v. MacSports, Inc. et al 2:24-cv-06783-

MEMF-RAO .  I agree to comply with and to be bound by all the terms of this

Stipulated Protective Order and I understand and acknowledge that failure to so

comply could expose me to sanctions and punishment in the nature of contempt.  I

solemnly promise that I will not disclose in any manner any information or item that

is subject to this Stipulated Protective Order to any person or entity except in strict

compliance with the provisions of this Order. I will return to outside counsel for the

party by whom I am employed or retained all "CONFIDENTIAL" and/or

"CONFIDENTIAL ATTORNEYS EYES ONLY" information that comes into my

possession, and documents or things which I have prepared relating thereto.

Alternatively, I will provide to outside counsel for the party by whom I am

employed or retained a written certification that all such information and documents

or things have been destroyed.

I further agree to submit to the jurisdiction of the United States District Court for the

Central District of California for enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and

telephone number] as my California agent for service of process in connection with

this action or any proceedings related to enforcement of this Stipulated Protective

Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

1

## EXHIBIT B

2

## UNDERTAKING

3  I, _____, declare as follows:

4      1.    My business address is _____.

5      2.    My present employer and the address of my present employer (if

6  different from above) is _____.

7      3.    My present occupation or job description is _____

8  _____. My job title is

9  _____.

10

11      I declare under penalty of perjury under the laws of the United States of

12  America that the foregoing is true and correct.

13

14  Dated: _____        Signed:_____

15

16

17

18

19

20

21

22

23

24

25

26

27

28