1  Jason De Bretteville (State Bar No. 195069)
   jdebretteville@stradlinglaw.com
2  STRADLING YOCCA CARLSON & RAUTH LLP
   660 Newport Center Drive, Suite 1600
3  Newport Beach, CA 92660-6422
   Telephone: (949) 725-4000
4  Facsimile: (949) 725-4100

5  Michael L. Krashin (*pro hac vice*)
   mkrashin@bannerwitcoff.com
6  Victoria R. M. Webb (*pro hac vice*)
   vwebb@bannerwitcoff.com
7  Kimberly Devine (*pro hac vice*)
   kdevine@bannerwitcoff.com
8  BANNER & WITCOFF, LTD.
   71 Wacker Drive, Suite 3600
9  Chicago, IL 60606
   Telephone: (312) 463-5000
10 Facsimile: (312) 463-5001

11 *Attorneys for Plaintiff YETI COOLERS, LLC*

12 Ronald P. Oines (State Bar No. 145016)
   roines@rutan.com
13 Sarah Van Buiten (State Bar No. 324665)
   svanbuiten@rutan.com
14 RUTAN & TUCKER, LLP
   18575 Jamboree Road, 9th Floor
15 Irvine, CA 92612

16 *Attorneys for Defendants and*
   *Counterclaimants MACSPORTS, INC. and*
17 *TOFASCO OF AMERICA, INC.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| YETI COOLERS, LLC<br><br>Plaintiff,<br><br>vs.<br><br>MACSPORTS, INC. AND TOFASCO OF AMERICA, INC.,<br><br>Defendants. | Case No. 2:24-cv-06783-MEMF-RAO<br><br>Honorable Maame Ewusi-Mensah Frimpong<br>Magistrate Rozella A. Oliver<br><br>**JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT**<br><br>Claim Construction Hearing<br>Requested Date: December 11, 2025<br>Time: 10:00 am |

Pursuant to the Courts' March 24, 2025 Order (ECF No. 47) and P.R. 4-3[1], Plaintiff YETI Coolers, LLC and Defendants MacSports, Inc. and Tofasco of America, Inc. hereby submit the following Joint Claim Construction and Prehearing Statement.

I. **P.R. 4-3(a): Agreed Terms**

The parties do not currently agree on the construction of any proposed terms of the asserted patents.

II. **P.R. 4-3(b): Disputed Terms and Identification of Evidence**

A chart identifying each party's proposed construction of each disputed term of YETI's asserted utility patents—U.S. Patent No. 10,874,219 (the '219 Patent) and U.S. Patent No. 11,389,003 (the '003 Patent)—together with an identification of all references from the specification or prosecution history that support the parties' respective proposed constructions and any extrinsic evidence known to each party on which it intends to rely, is set forth in Exhibit A.

A second chart identifying each party's proposed construction for each of YETI's asserted design patents—U.S. Design Patent Nos. D941,600; D955,132; D1,027,523; D1,030,340; D1,068,303; and D1,070,385—together with an identification of all references from the specification or prosecution history that support the parties' respective proposed constructions, is also set forth in Exhibit A.

---

[1] All references herein to the patent rules ("P.R."), as in the Court's Patent Worksheet and the Scheduling Order (ECF 47) refer to the Northern District patent rules.

III. **P.R. 4-3(c): Identification of the terms whose construction will be most significant to the resolution of the case and identification of any term among the 10 whose construction will be case or claim dispositive.**

The parties dispute the constructions of the patent claim terms from YETI's '219 Patent and '003 Patent listed below, all of which are significant to the resolution of the parties' claims and defenses. YETI believes none of the patent claim terms are case dispositive. Defendants assert that certain terms are indefinite, as set forth in Exhibit A. YETI disagrees. The parties further state if the Court were to find such terms are indefinite during the claim construction process or thereafter, such finding could be dispositive as to the claims that include those terms. Additionally, the parties state that the construction of at least the following terms could be dispositive as to the claims that include those terms: "the seat pan being tensioned by a pair of vertical legs"; "a pair of vertical legs configured to tension the seat pan"; "the suspension fabric further comprises . . . a thermoplastic polyurethane film"; "further comprising forming the seat pan and the backrest from a first yarn, a second yarn, and a thermoplastic polyurethane film."

- "the seat pan being tensioned by a pair of vertical legs" - '219 Patent, claim 7
- "a pair of vertical legs configured to tension the seat pan" - '003 Patent, claim 11
- "suspension fabric" - '219 Patent, claim 7; '003 Patent, claim 11
- "the suspension fabric further comprises . . . a thermoplastic polyurethane film" - '219 Patent, claim 14
- "further comprising forming the seat pan and the backrest from a first yarn, a second yarn, and a thermoplastic polyurethane film" - '003 Patent, claim 14

- "secured in a notch asymmetrically located in a top portion of the pair of diagonally extending backrest bars" - '219 Patent, claim 7; '003 Patent, claim 11

The parties also dispute the construction of YETI's asserted design patents as set forth in Exhibit A.

### IV. P.R. 4-3(d) Anticipated length of time necessary for the Claim Construction Hearing

The parties anticipate needing 2-3 hours for the claim construction hearing.

### V. P.R. 4-3(e) Whether any party proposes to call one or more witnesses at the Claim Construction Hearing, and the identify of each such witness

**YETI's Statement:**

YETI plans to call its expert witness, Will McElwain, at the Claim Construction Hearing. YETI identified Mr. McElwain in its P.R. 4-2 exchange of preliminary claim constructions and extrinsic evidence and provided "a description of the substance of that witness' proposed testimony that includes a listing of any opinions to be rendered in connection with claim construction" as required by P.R. 4-2(b). YETI will also be serving Mr. McElwain's claim construction expert report today.

**Defendants' Response:**

Defendants object and will object to the calling of Will McElwain to testify, as YETI failed to "provide a description of the substance of [his] proposed testimony that includes a listing of any opinions to be rendered in connection with claim construction" as required by PLR 4-2(b).

### VI. P.R. 4-3(f) An identification of any factual findings requested from the Court related to claim construction

The parties request factual findings by the Court only insofar as required for the Court's construction of a disputed term. Otherwise, the parties do not request any factual finding from the Court related to claim construction at this time but reserve the right to make such requests during the claim construction proceedings.

Respectfully submitted,

Dated: September 22, 2025

By: */s/ Kimberly S. Devine*
BANNER & WITCOFF, LTD.
Michael L. Krashin (*pro hac vice*)
Victoria R. M. Webb (*pro hac vice*)
Kimberly S. Devine (*pro hac vice*)

STRADLING YOCCA CARLSON & RAUTH LLP
Jason De Bretteville

*Attorneys for Plaintiff*
*YETI COOLERS, LLC*

Dated: September 22, 2025

By: */s/ Ronald P. Oines*
RUTAN & TUCKER, LLP
Ronald P. Oines
Sarah Van Buiten
Cameron Patel

*Attorneys for Defendants*
*MACSPORTS, INC. and TOFASCO OF AMERICA, INC.*

**CERTIFICATION OF ELECTRONIC SIGNATURE**

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I hereby certify that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

                                      */s/ Kimberly S. Devine*
                                      Kimberly S. Devine